UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DANIEL G.

                      Plaintiff,

v.                                                                                          1:20-CV-1211
                                                                                            (WBC)
COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF KENNETH HILLER, PLLC<br>  Counsel for Plaintiff<br>6000 North Bailey Ave, Ste. 1A<br>Amherst, NY 14226 | KENNETH HILLER, ESQ.<br>AMY CHAMBERS, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | KRISTINA COHN, ESQ. |

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented, in accordance with a Standing Order, to proceed before the undersigned. (Dkt. No. 17.) The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, Plaintiff's motion is denied, and the Commissioner's motion is granted.

**I.      RELEVANT BACKGROUND**

### A.   Factual Background

Plaintiff was born in 1977.  (T. 119.)  He received a GED.  (T. 221.)  Generally, Plaintiff's alleged disability consists of "plates and screws in leg," nerve damage, nerve pain, anxiety, depression, and an ulcer.  (T. 220.)  His alleged disability onset date is July 15, 2015.  (T. 119.)  His date last insured is September 30, 2015.  (T. 120.)  His past relevant work consists of construction worker, snowmaker, campground/park attendant, and storage facility rental clerk.  (T. 20, 244.)

### B.   Procedural History

On May 8, 2017, Plaintiff applied for a period of Disability Insurance Benefits ("SSD") under Title II, and Supplemental Security Income ("SSI") under Title XVI, of the Social Security Act.  (T. 120.)  Plaintiff's applications were initially denied, after which he timely requested a hearing before an Administrative Law Judge ("the ALJ").  On July 10, 2019, Plaintiff appeared before the ALJ, Melissa Lin Jones.  (T. 33-94.)  On August 8, 2019, ALJ Jones issued a written decision finding Plaintiff not disabled under the Social Security Act.  (T. 7-27.)  On July 13, 2020, the Appeals Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-6.)  Thereafter, Plaintiff timely sought judicial review in this Court.

### C.   The ALJ's Decision

Generally, in her decision, the ALJ made the following five findings of fact and conclusions of law.  (T. 12-22.)  First, the ALJ found Plaintiff met the insured status requirements through September 30, 2015, and Plaintiff had not engaged in substantial gainful activity since July 15, 2015.  (T. 12.)  Second, the ALJ found Plaintiff had the severe impairments of right elbow, arm, wrist, and shoulder impairment; cervical spine

disc herniation; lumbar degenerative disc disease and status post lumbar fusion on April 19, 2019; and meniscal tear of the left knee. (T. 13.) Third, the ALJ found Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1. (T. 15.) Fourth, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except he can occasionally stoop, kneel, or reach overhead. (T. 15.)[1] In addition, the ALJ found Plaintiff could occasionally climb ramps or stairs but never ladders, ropes, or scaffolds and he can occasionally handle, finger, and feel. (*Id.*) Fifth, the ALJ determined Plaintiff unable to perform past relevant work; however, there were jobs that existed in significant numbers in the national economy Plaintiff could perform. (T. 20-22.)

## II.  THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.  Plaintiff's Arguments

Plaintiff makes two separate arguments in support of his motion for judgment on the pleadings. First, Plaintiff argues the ALJ improperly relied on stale and incomplete medical opinions due to later surgery and complex medical findings, and the ALJ failed to further develop the record. (Dkt. No. 11 at 18-26.) Second, and lastly, Plaintiff argues the ALJ improperly used his lay opinion and a selective reading of the record in

---

[1] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. 20 C.F.R. §§ 404.1567(b), 416.967(b).

3

evaluating evidence and opinions and formulating the RFC finding.  (*Id.* at 26-30.) Plaintiff also filed a reply in which he reiterated his original arguments.  (Dkt. No. 13.)

    **B.**    **Defendant's Arguments**

In response, Defendant makes three arguments.  First, Defendant argues substantial evidence supports the ALJ's RFC finding.  (Dkt. No. 12 at 9-23.)  Second, Defendant argues there was no gap in the record and the ALJ did not substitute her lay opinion.  (*Id.* at 23-26.)  Third, and lastly, Defendant argues the ALJ properly considered Plaintiff's impairments in combination.  (*Id.* at 26-27.)

**III.**    **RELEVANT LEGAL STANDARD**

    **B.**    **Standard of Review**

"The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The "substantial evidence" standard "means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).  "[I]t is . . . a very deferential standard of review - even more so than the 'clearly erroneous' standard."  *Brault v. Soc. Sec. Admin.*, 683 F.3d 443, 448 (2d Cir. 2012).  In particular, it requires deference "to the Commissioner's resolution of conflicting evidence."  *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012). It is not the Court's "function to determine *de novo* whether a plaintiff is disabled." *Brault,* 683 F.3d. at 447.  "In determining whether the agency's findings were supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn."  *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (internal quotation marks

omitted).  "If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld." *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014). "The substantial evidence standard means once an ALJ finds facts, we can reject those facts 'only if a reasonable factfinder would have to conclude otherwise.' " *Brault,* 683 F.3d at 448.  The Court "require[s] that the crucial factors in any determination be set forth with sufficient specificity to enable [the reviewing Court] to decide whether the determination is supported by substantial evidence." *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019) (alterations and internal quotation marks omitted).

### C. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act.  *See* 20 C.F.R. §§ 404.1520, 416.920.  The Supreme Court has recognized the validity of this sequential evaluation process.  *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*Schillo v. Kijakazi*, 31 F.4th 64, 70 (2d Cir. 2022).

### IV. ANALYSIS

In general, Plaintiff argues the ALJ committed legal error in assessing the evidence in the record and substantial evidence did not support the ALJ's RFC determination.  Plaintiff argues surgery and subsequent evidence rendered administrative findings stale and created a gap in the record which the ALJ failed to fill.  (Dkt. No. 11 at 18-26.)  Plaintiff also argues, because the administrative findings were stale and the ALJ found the other medical opinion in the record to be unpersuasive, the ALJ impermissibly based the RFC finding on his own lay interpretation of medical evidence.  (*Id.*)  For the reasons outlined below, Plaintiff's arguments fail.

### A.     Stale Evidence

Plaintiff argues the administrative findings of the consultative examiners, Hongbiao Liu, M.D. and James Lawrence, M.D., were rendered stale by subsequent surgeries and medical opinions.  (Dkt. No. 11 at 20-25.)[2]  Here, subsequent medical evidence did not render the administrative findings stale, the ALJ considered all the evidence in the record in making his RFC determination, and Plaintiff fails to show that subsequent surgeries and evidence caused greater functional limitations.

In general, "medical source opinions that are conclusory, stale, and based on an incomplete medical record may not be substantial evidence to support an ALJ finding." *Camille v. Colvin*, 104 F. Supp. 3d 329, 343 (W.D.N.Y. 2015), *aff'd*, 652 F. App'x 25 (2d Cir. 2016).  Although "a medical opinion is not necessarily stale simply based on its age," *Biro v. Comm'r of Soc. Sec.,* 335 F. Supp. 3d 464, 470 (W.D.N.Y. 2018), a medical opinion may be stale if it does not account for the plaintiff's deteriorating

---

[2]     A prior administrative medical finding is a finding, other than the ultimate determination about whether a plaintiff is disabled, about a medical issue made by the SSA's Federal and State agency medical and psychological consultants at a prior level of review in a plaintiff's current claim based on their review of the evidence in plaintiff's case record.  20 C.F.R. §§ 404.1513(a)(5), 416.913(a)(5).

condition, *Carney v. Berryhill*, No. 16-CV-269, 2017 WL 2021529, at *6 (W.D.N.Y. May 12, 2017).

In considering whether a medical opinion is stale, courts have frequently pointed to surgeries occurring subsequent to the medical opinion as evidence of a plaintiff's deteriorating condition. *Brian K. v. Comm'r of Soc. Sec.*, 524 F. Supp. 3d 149, 155 (W.D.N.Y. 2021) (citing *Nagy v. Saul*, No. 19-CV-300-MJR, 2020 WL 3118569, at *5 (W.D.N.Y. June 12, 2020)). Moreover, remand is warranted where more recent evidence in the record "directly contradict[s] the older reports of [plaintiff's] functioning on which the ALJ relied" and the ALJ failed to fully analyze the more recent evidence. *Blash v. Comm'r of Soc. Sec. Admin.*, 813 F. App'x 642, 644 (2d Cir. 2020). Here, the ALJ considered evidence provided after the consultative examiners' reports, including subsequent surgery, and the more recent evidence did not directly contradict the limitations provided by older reports.

In July 2017, Dr. Liu examined Plaintiff, reviewed x-rays, and provided a medical source statement. (T. 420-426.) Dr. Liu opined Plaintiff had moderate limitations for prolonged walking, bending, kneeling, and overhead reaching. (T. 423.) Dr. Liu also opined Plaintiff should avoid dust and other irritating factors leading to asthma attacks. (*Id.*)

The ALJ found Dr. Liu's prior administrative finding "somewhat persuasive." (T. 18.) The ALJ concluded the doctor's findings, diagnoses, and limitations were "generally consistent with the evidence and supported by his examination findings." (*Id.*) However, the ALJ did not adopt Dr. Liu's respiratory limitations, reasoning there was no evidence of a severe respiratory condition. (*Id.*) The ALJ further concluded,

although Dr. Liu observed the use of a cane, Plaintiff never noted the use of a cane at other visits and there was no evidence the cane was prescribed.  (*Id.*)

In September 2017, non-examining State agency medical consultant, Dr. J. Lawrence reviewed the record and provided an RFC.  (T. 114-118, 119.)  Based on evidence available at that time, Dr. Lawrence opined there was insufficient evidence to provide an RFC prior to Plaintiff's date last insured, however, Plaintiff could perform medium work since the date last insured.  (T. 115-116, 434, 438.)  Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds.  20 C.F.R. §§ 404.1567(c), 416.967(c).  The ALJ found Dr. Lawrence's administrative findings "persuasive."  (T. 19.)  The ALJ concluded the doctor's findings were consistent with and supported by physical examination findings and Plaintiff's reported activities of daily living.  (*Id.*)  Of note, although the ALJ found Dr. Lawrence's finding that Plaintiff could perform medium work persuasive, the ALJ ultimately limited Plaintiff to light work.

Plaintiff cites to evidence he asserts rendered the administrative findings stale, such as MRIs, testing, a 2019 spinal surgery, and opinions by treating sources.  (Dkt. No. 11 at 20.)  However, the evidence provided after the administrative findings do not "directly contradict" the opined limitations and the ALJ analyzed the subsequent evidence cited by Plaintiff.  *Blash*, 813 F. App'x at 644.  In addition, Plaintiff bears the burden at step four and must show that his physical condition deteriorated after the medical opinions were provided*.  Vincent B. v. Comm'r of Soc. Sec.*, 561 F. Supp. 3d 362, 367 (W.D.N.Y. 2021).  The evidence cited by Plaintiff fails to show that his condition deteriorated.

First, the ALJ properly discussed subsequent evidence in the record in assessing Plaintiff's physical RFC determination, including evidence Plaintiff asserts renders the administrative findings stale.  Indeed, the ALJ noted 2018 objective medical imaging of Plaintiff's knees.  (T. 18, 458.)  The ALJ considered Plaintiff's complaints of neck and back pain, treatment he received such a physical therapy, and his subsequent lumbar fusion.  (T. 18.)  The ALJ noted evidence in the record that Plaintiff experience improvement in his pain after surgery.  (*Id.*)  Indeed, two weeks post-surgery Plaintiff reported his "most severe preoperative pain [was] improved" and he "definitely notice[d] early improvement."  (T. 635.)  Three weeks post-surgery, Plaintiff reported the felt "a lot of relief from surgery."  (T. 637.)  He also reported his neck felt "a lot better" since his lower back had been treated.  (*Id.*)  Lastly, the ALJ considered x-rays of Plaintiff's spine from 2019.  (T. 18, 661.)  Therefore, the ALJ properly considered evidence submitted after Drs. Liu and Lawrence provided their findings.

Second, the treating source opinions that Plaintiff asserts showed Plaintiff's condition were chronic and worsening, where properly assessed by the ALJ.  (Dkt. No. 11 at 22.)  Two sources, David Hallasey, M.D. and Michael Geraci, M.D., opined Plaintiff was unable to work.  (T. 515 "unable to work", 516 "out of work until further notice".)  The ALJ properly concluded statements on issues reserved to the Commissioner, such as those provided by the doctors, are inherently neither valuable nor persuasive. (T. 19); 20 C.F.R. §§ 404.1520b(c)(1)-(3), 416.920b(c)(1)-(3).

The ALJ also considered a post-surgery limitation of no lifting greater than 10 pounds.  (T. 19.)  The ALJ concluded the limitation was temporary in nature.  (*Id.*)  Indeed, the limitation was listed as part of Plaintiff's discharge order instructions which

9

also included no driving until cleared by surgeon/provider and no tub baths or swimming.  (T. 590.)  Therefore, ALJ did not err in concluding the statements provided by Drs. Hallasey and Geraci were neither valuable nor persuasive.

Overall, in evaluating the evidence in the record, the ALJ discussed the prior administrative findings, as well as evidence of Plaintiff's subsequent surgery, imaging, and treatment in general.  Plaintiff fails to prove that the subsequent evidence provided greater functional limitations than found by the ALJ.

### B. RFC Determination

Plaintiff argues the RFC determination was the product of legal error and not supported by substantial evidence in the record.  (Dkt. No. 11.)  Plaintiff asserts Dr. Liu's administrative finding was too vague to support the ALJ's RFC for light work.  (*Id.* at 24.)  Plaintiff further asserts that because the ALJ "rejected" other opinions in the record the RFC was based on her lay interpretation of the record and she "should have sought clarification from these doctors."  (*Id.*)  For the reasons outlined herein, the ALJ's RFC determination was proper and supported by substantial evidence in the record.  Further, the ALJ was not required to seek clarification or further develop the record.

In general, the RFC is an assessment of "the most [Plaintiff] can still do despite [his or her] limitations."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  An RFC finding is administrative in nature, not medical, and its determination is within the province of the ALJ.  *Id.* §§ 404.1545(a)(1), 416.945(a)(1) ("We will assess your residual functional capacity based on all the relevant evidence in your case record."), *see id.* §§ 404.1546(c), 416.946(c) ("the administrative law judge or the administrative appeals

10

judge at the Appeals Council . . . is responsible for assessing your residual functional capacity").

First, moderate limitations such as those provided by Dr. Liu are not too vague to support a finding of light work. *Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x 29, 34 (2d Cir. 2013) (rejecting plaintiff's argument that the consultative examiner's opinion was "incomplete and vague" and affirming RFC for light work with occasional climbing balancing, stooping, kneeling, crouching, and crawling, where the consultative examiner opined that plaintiff had a "mild to moderate limitation for sitting for a long time, standing for a long time, walking for a long distance, pushing, pulling, or heavy lifting."); *see White v. Berryhill*, 753 F. App'x 80, 82 (2d Cir. 2019) (moderate limitations in standing, sitting, and performing other activities consistent with light work); *see Henderson v. Saul*, 788 F. App'x. 86, 87 (2d Cir. 2019) (substantial evidence supporting RFC determination allowing for light work includes medical opinion evidence of mild-to-moderate limitations for prolonged walking); *see Lewis v. Colvin*, 548 F. App'x. 675, 677-678 (2d Cir. 2013) ("the ALJ's determination that [plaintiff] could perform 'light work' is supported by [the physician's] assessment of 'mild limitations for prolonged ... walking' "); *see Katherine R. v. Comm'r of Soc. Sec.*, No. 1:20-CV-01055, 2021 WL 5596416, at *5 (W.D.N.Y. Nov. 30, 2021) (courts within this Circuit have consistently held that mild and moderate limitations, such as those assessed by the consultative examiner, are consistent with an RFC for light work) (collecting cases). Therefore, Dr. Liu's opined moderate limitations were not too vague to support the ALJ's RFC for light work.

Second, Plaintiff argues the ALJ's RFC determination was the product of legal error because the ALJ did not link the RFC to a medical opinion. (Dkt. No. 11 at 27.) Plaintiff's argument fails. The Second Circuit has repeatedly affirmed the Commissioner in cases in which the ALJ reached an RFC finding without relying on a specific medical source opinion. *See, e.g. Corbiere v. Berryhill*, 760 F. App'x 54, 56 (2d Cir. 2019); *Wright v. Berryhill*, 687 F. App'x 45, 48-49 (2d Cir. April 14, 2017); *Monroe v. Comm'r of Soc. Sec.*, 676 F. App'x 5, 7 (2d Cir. Jan. 8, 2017); *Johnson v. Colvin*, 669 F. App'x 44, 47 (2d Cir. Sept. 29, 2016); *Tankisi v. Comm. of Social Security,* 521 F. App'x 29 (2d Cir. 2013); *Pellam v. Astrue*, 508 F. App'x 87, 90 (2d Cir. 2013). Therefore, Plaintiff's argument that the ALJ's RFC was the product of legal error because it did not track a medical opinion fails.

In formulating Plaintiff's RFC, the ALJ properly considered the record as a whole. *Trepanier v. Comm'r of Soc. Sec. Admin.*, 752 F. App'x 75, 79 (2d Cir. 2018). After considering the record as a whole, the ALJ appropriately accounted for the physical limitations she found supported by the overall record by limiting Plaintiff to light work with additional non-exertional limitations. (T. 15.) The RFC finding is not defective merely because it "does not perfectly correspond with any of the opinions of medical sources cited in [the ALJ's] decision." *Trepanier*, 752 F. App'x at 79; *see also Monroe,* 676 F. App'x at 8. (rejecting argument that remand was required because ALJ discounted the only medical opinion such that "there was no competent medical opinion that supported the ALJ's RFC determination."). Although the ALJ did not adopt any one opinion in its entirety, she adequately explained her reasons for not doing so. Accordingly, the Court finds the ALJ did not substitute her own lay judgment for a

competent medical opinion. *Wynn v. Comm'r of Soc. Sec.*, 342 F. Supp. 3d 340, 349 (W.D.N.Y. 2018).

Lastly, the ALJ was not required to develop the record any further when the evidence already presented is adequate for the ALJ to make a determination as to disability. *Janes v. Berryhill*, 710 F. App'x 33 (2d Cir. 2018). The record contained all of Plaintiff's medical evidence, consultative examinations, written and hearing testimony, and at all stages Plaintiff was represented by counsel. Therefore, the record was sufficient for the ALJ to make her determination.

### C. Combined Effects of Impairments

Plaintiff argues the ALJ did not properly consider the combined effect of Plaintiff's exertional and non-exertional impairments and ignored favorable evidence. (Dkt. No. 11 at 27-29.) Here, the ALJ properly considered the combined effects of Plaintiff's impairments in formulating the RFC.

The ALJ stated, as required by SSR 96-8p, she assessed the RFC based on all of the evidence, with consideration of the limitations and restrictions imposed by the combined effects of all of Plaintiff's medically determinable impairments. (T. 12.)

In support of his argument, Plaintiff cites to his testimony and subjective reports to providers and well as statements by providers he was "unable to work." (Dkt. No. 11 at 27-28.) As outlined herein, the ALJ properly concluded statements that Plaintiff was unable to work are statements on issues reserved to the Commissioner and are neither valuable nor persuasive. (T. 19.) Further, the ALJ assessed Plaintiff's subjective complaints and concluded Plaintiff's statements were not entirely consistent with the medical evidence and other evidence in the record. (T. 16.)

13

It is not enough for Plaintiff to merely disagree with the ALJ's weighing of the evidence or to argue that the evidence in the record could support her position. Substantial evidence "means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek,* 139 S. Ct. at 1154.  Therefore, the ALJ properly considered the combined effect of Plaintiff's impairments and Plaintiff fails to show that no reasonable factfinder could have reached the ALJ's decision.

### C. Cherry-Picked Evidence

Plaintiff argues the ALJ ignored or diminished evidence supporting Plaintiff's symptoms.  (Dkt. No. 11 at 29.)    A review of the record and decision fails to support Plaintiff's assertion that the ALJ ignored and misstated evidence.

In general, "[a]n ALJ is not required to discuss in depth every piece of evidence contained in the record, so long [as] the evidence of record permits the Court to glean the rationale of an ALJ's decision."  *Cichocki v. Astrue*, 729 F.3d 172, 178 n.3 (2d Cir. 2013) (quoting *Mongeur v. Heckler,* 722 F.2d 1033, 1040 (2d Cir.1983)).

Here, the ALJ discussed the evidence Plaintiff asserts she ignored.  Plaintiff states "the ALJ improperly ignored or diminished evidence supporting Plaintiff's symptoms and more serious findings, such as positive SLR, muscle spasms, nerve compression tests, DTR diminished, pain FOTO, and other findings."  (Dkt. No. 11 at 29 citations omitted.)

The ALJ considered evidence from December 2015 including positive findings on examination.  (T. 17, 352, 355.)   The ALJ considered Dr. Liu's examination and notation of Plaintiff's use of a cane.  (T. 17, 421-423.)   The ALJ considered physical

therapy notations. (T. 18, 511.) Lastly, the ALJ considered findings provided by Troy Sasse, M.D. (T. 14, 677, 679, 681.) Therefore, contrary to Plaintiff's assertion, the ALJ did not ignore evidence in the record and a review of the evidence does not indicate it was more favorable to Plaintiff. *See Zabala v. Astrue*, 595 F.3d 402, 409 (2d Cir. 2010) (remand ordinarily required where ALJ failed to consider evidence which is "significantly more favorable to the claimant than the evidence considered").

The ALJ has the duty to evaluate conflicts in the evidence. *Monroe,* 676 F. App'x at 7 ("Genuine conflicts in the medical evidence are for the Commissioner to resolve.") (quoting *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002)). Plaintiff may disagree with the ALJ's conclusion; however, the Court must "defer to the Commissioner's resolution of conflicting evidence" and reject the ALJ's findings "only if a reasonable factfinder would have to conclude otherwise." *Morris v. Berryhill*, 721 F. App'x 29 (2d Cir. 2018) (internal citations and quotations omitted); *Krull v. Colvin*, 669 F. App'x 31 (2d Cir. 2016) (the deferential standard of review prevents a court from reweighing evidence). As long as substantial record evidence supports the ALJ's determination of the facts, the Court must defer to the ALJ's decision. *See Davila-Marrero v. Apfel*, 4 F. App'x 45, 46 (2d Cir. 2001) (citing *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990)). As the Supreme Court stated, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek,* 139 S. Ct. at 1154.

In sum, the ALJ properly assessed the evidence in the record in formulating Plaintiff's RFC. The consultative examiners' administrative findings were not impermissibly vague or stale. The evidence provided after the administrative findings did not directly contradict the findings and the ALJ considered the evidence in her

15

overall assessment of the record. There is no indication the ALJ's selectively read or cherry-picked evidence in the record and overall, the RFC determination was supported by substantial evidence. Therefore, the ALJ's determination is upheld.

**ACCORDINGLY**, it is

    **ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 11) is **DENIED**; and it is further

    **ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 12) is **GRANTED**; and it is further

    **ORDERED** that Defendant's unfavorable determination is **AFFIRMED**; and it is further

    **ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated:　　January 11, 2023

_____
William B. Mitchell Carter
U.S. Magistrate Judge